UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN C. GUIDOS                                    CIVIL ACTION

VERSUS                                             NO. 07-7557

LEXINGTON INSURANCE                                SECTION: "C" (5)
COMPANY

**ORDER AND REASONS**

Before the Court are defendant's Motion *in Limine* to Exclude Expert Testimony (Rec. Doc. 29); Motion for Partial Summary Judgment to Limit Any Award of Statutory Penalties and Dismiss Claim for Attorneys' Fees (Rec. Doc. 26); Motion for Partial Summary Judgment regarding actual cash value (Rec. Doc. 28) and Motion for Partial Summary Judgment regarding damage caused by flood or wind and flood (Rec. Doc. 30.) Plaintiff opposes. Based on the memoranda by parties, the record in this case and the applicable law, the Court decides as follows.

I.   **MOTION *IN LIMINE***

**Motion *in Limine* to Exclude Expert Testimony (Rec. Doc. 29);**

Defendant seeks to exclude plaintiff's proffered experts, Roger Breland and Scott Wolfe, based on plaintiff's failure to fully comply with Fed. R. Civ. P. 26 and that the proffered reports

1

do not segregate flood and wind damage. Plaintiff notes that since the filing of the motion, the trial date in this matter and all accompanying deadlines have been continued and therefore plaintiff has the opportunity to cure any of the complained of defects without prejudice to defendant. (Rec. Doc. 49.) Accordingly, defendant's motion in limine is dismissed without prejudice.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the

non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

## III. LAW AND ANALYSIS

**Motion for Partial Summary Judgment regarding actual cash value (Rec. Doc. 28)**

Defendant argues that the terms of the insurance policy limit plaintiff to recovery of the actual cash value unless the property has been repaired or replaced. (Rec. Doc. 28.) "[W]hen the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art.2046. Plaintiff concedes the terms of the insurance contract, but argues that it is premature to decide whether or not repairs or replacements have in fact been effected. The Court agrees. Trial in this matter was recently continued until March 2010. It is unclear and disputed to what extent plaintiff has repaired or replaced the allegedly damaged property, and therefore a genuine issue of material fact exists precluding summary judgment at this time.

**Motion for Partial Summary Judgment to Limit Any Award of Statutory Penalties and Dismiss Claim for Attorneys' Fees (Rec. Doc. 26);**

Defendant argues that plaintiff's claim for penalties arose before the amendment of Louisiana statute 22:658 on August 15, 2006 and therefore plaintiff is limited to the remedies

3

provided by the prior version of the statute. The prior version of 22:658 did not include provision of attorneys' fees and the penalties were limited to 25% of damages. Plaintiff claims defendant has failed to timely adjust plaintiff's claim since amendment of the statute and therefore the current version applies to plaintiff's claim for attorneys' fees and penalties.

The Louisiana Supreme Court has held

> Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected Lafayette to the penalties contained in the amendment because the claim would have first arisen after the amendment. Further, again because the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had Lafayette paid that claim, and had plaintiff discovered new damage and made satisfactory proof which Lafayette failed to pay within the time period contained in the statute, but after the amendment became effective, Lafayette could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment. Neither of those situations is the case here-the claim for the penalties contained within the statute arose prior to the effective date of the amendment.

*Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 199 (La. 2008); *see also Dickerson v. Lexington Ins. Co.,* 556 F.3d 290, 306-307 (5th Cir. 2009)(discussing *Sher* and applying rationale). In this case, plaintiff alleges she initiated her claim in October 2005 and that defendant paid $5231.65 (Rec. Doc. 1-3 at 2.) In approximately June 2006, defendant revised their estimate of damages to approximately $39,000. (Id.) Plaintiff claims the next submission of damage occurred in April 2007, after amendment of the statute and that defendant paid an additional amount in damages

4

(Rec. Doc. 33; Rec. Doc. 1-3 at 2.) The defendant allegedly conducted another assessment and paid additional damages. In addition, plaintiff filed her suit for damages on August 27, 2007, i.e. after amendment of the statute. Plaintiff also claims she has submitted another estimate since filing of this suit. Accordingly, the Court finds a genuine issue of material fact exists as to whether the April 2007 estimate constitutes evidence of "new damage" sufficient to subject defendant to the increased penalties under the revised version of 22:658, now § 22:1892.

**Motion for Partial Summary Judgment regarding damage caused by flood or wind and flood (Rec. Doc. 30.)**

Defendant seeks dismissal of "any claims for damage caused by excluding coverage for any damage resulting from flood, or by a combination of wind and flood." (Rec. Doc. 30.) Defendant does not offer any factual evidence as to the portion of plaintiff's claim that includes flood or combination damage, but rather asks this Court to generally exclude such claims based on the language of the insurance policy. Plaintiff opposes to the extent that an overbroad reading of the policy would exclude rain entering through damaged caused by covered perils, such as wind. (Rec. Doc. 42.) The Court agrees. "The defendants are entitled to a ruling that there is no coverage under the policy for any damage caused by wind and flood, or by wind "concurrently or in any sequence with" water, even if the loss occurs sequentially and not simultaneously." *Adams v. Lexington Ins. Co.*, 2009 WL 362446 (E.D. La. 2009.) But this ruling does not exclude damage caused above the flood line, such as when rain enters through damage caused by

5

wind. Accordingly, defendant's motion is partially granted.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that defendant's Motion *in Limine* to Exclude Expert Testimony (Rec. Doc. 29) is DISMISSED WITHOUT PREJUDICE; defendant's Motion for Partial Summary Judgment to Limit Any Award of Statutory Penalties and Dismiss Claim for Attorneys' Fees (Rec. Doc. 26) is DENIED; Motion for Partial Summary Judgment regarding actual cash value (Rec. Doc. 28) is DENIED and Motion for Partial Summary Judgment regarding damage caused by flood or wind and flood is PARTIALLY GRANTED (Rec. Doc. 30.)

New Orleans, Louisiana, this 31st day of August, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE